IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 79191-5-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| BRADLEY MICHAEL MARTIN, | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — Bradley Martin pleaded guilty to one count of possession of trafficking stolen property in the first degree.  He appeals his Judgment and Sentence, claiming (1) his attorney performed ineffectively by not arguing for a lower offender score, (2) the trial court erred by failing to give him credit for time served for the time between the court releasing him and sentencing him, and (3) we should amend his Judgment and Sentence to strike the provision imposing interest and to add a statement protecting his social security disability benefits.

We have addressed all the claims that Martin raises in this appeal in a separate case, State v. Martin, No. 79196-6-I (Wash Ct. App. Apr. 20, 2020) (unpublished).  Following our other decision, we affirm Martin's convictions but remand to the trial court to amend his Judgment and Sentence to strike the statement regarding interest as it relates to his non-restitution legal financial obligations and to add a provision indicating that any funds subject to the Social

Citations and pin cites are based on the Westlaw online version of the cited material.

Security Act's anti-attachment statute[1] may not be used to satisfy his legal financial obligations.

I. <u>BACKGROUND</u>

On January 18, 2017, Martin pleaded guilty to one count trafficking of stolen property in the first degree. As part of the plea, Martin agreed with the State's understanding of his criminal history, which included a 1974 California conviction for robbery, a 1999 federal conviction for possession of cocaine, and a 1999 federal conviction for felon in possession of a firearm.

Through new counsel, Martin moved to withdraw his plea on January 26, 2018. Martin claimed that the court should permit him to withdraw his plea agreement under CrR 4.2(f)[2] to correct a manifest injustice. Martin argued that his attorney had failed to review his plea agreement him, including his criminal history and offender score. The court denied Martin's motion, determining that he made his plea knowingly, voluntarily, and intelligently.

---

[1] 42 U.S.C. § 407(a).

[2] CrR 4.2(f) provides:

> **(f) Withdrawal of Plea.** The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court determines under RCW 9.94A.431 that the agreement is not consistent with (1) the interests of justice or (2) the prosecuting standards set forth in RCW 9.94A.401-.411, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered. If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8.

On May 15, 2018, the State moved to release Martin on his personal recognizance prior to his sentencing. But because on December 7, 2017 the court had sentenced Martin to 63 months of confinement in a separate case, releasing him would place him in the custody of the Department of Corrections, as opposed to releasing him to the community. The State explained that it sought to arrange for Martin's release because, as he was in the hospital, "the expense associated with a lengthy hospital stay [was] unduly burdensome to Snohomish County Corrections." Martin's attorney "[was] in agreement with the State's motion." The court ordered Martin's release.

On October 12, 2018, the court sentenced Martin to 63 months of confinement. The court further imposed a $500 victim penalty assessment, $195 in restitution, and interest from the date of assessment until payment in full. The court did not provide Martin with credit for time served for the period between when it released him and when it sentenced him.

Martin appeals.

## II. ANALYSIS

We have resolved each of the issues Martin raises in this appeal in a separate appeal he filed, State v. Martin, 79199-6. The present case does not require additional analysis, and we adhere to our other decision.

We affirm Martin's conviction but remand for the trial court to amend the Judgment and Sentence to strike the statement regarding interest as it relates to

his non-restitution legal financial obligations, and to add a provision indicating that any funds subject to the Social Security Act's antiattachment statute may not be used to satisfy his legal financial obligations.

Chun, J.

WE CONCUR:

Andrus, A.C.J.

Appelwick, J.